The Honorable Morril Harriman State Senator 522 Main Van Buren, Arkansas 72956
Dear Senator Harriman:
This is in response to your request for an opinion concerning proposed changes to A.C.A. § 20-64-1002 (Repl. 1991), which governs the establishment of the Arkansas Alcohol and Drug Abuse Coordinating Council ("Council"). You indicate that a bill to amend this provision is currently pending in the state senate and that you have offered an additional amendment providing for the Governor's appointment of the Chief Justice of the Arkansas Supreme Court or his designee to the council.[1] Specifically, you inquire as to whether your proposed amendment would violate the separation of powers provision. In my opinion, the answer to your question is "yes."
Arkansas's separation of powers provisions are set out in article 4, §§ 1 and 2 of the Arkansas Constitution, which provide:
 § 1. The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.
 § 2. No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
It should first be noted that the Supreme Court has upheld the right of the General Assembly to empower the Governor to appoint members to public service boards and commissions, regardless of the function to be performed by those entities. See Cox v. State, 72 Ark. 94, 78 S.W. 756
(1904); Clinton v. Clinton, 305 Ark. 585, 810 S.W.2d 923 (1991). The court has reasoned that the executive branch's power to execute laws by the legislative branch includes the ministerial task of appointing board personnel to carry out the enacted legislation. Clinton, supra,304 Ark. at 591, 810 S.W.2d at 815. The real issue presented here is whether the Chief Justice's appointment to the Council would constitute an unlawful exercise of power by the judicial branch and an encroachment into one or both of the other two branches. It is thus necessary to examine the nature of the delegated authority.
The powers and duties of the Arkansas Alcohol and Drug Abuse Coordinating Council are set out in A.C.A. § 20-64-1003 (Repl. 1991). The council oversees all planning and budgeting of funds allocated for alcohol and drug education, prevention, and law enforcement, as well as the coordination of school and community-based programs. In addition, the council develops training and education programs for criminal justice personnel in drug-related matters in conjunction with the Arkansas Law Enforcement Training Academy, and works with local law enforcement to "ensure an integrated system of enforcement activities." A.C.A. §§20-64-1003(e) and (g).
In Oates v. Rogers, 201 Ark. 335, 133 S.W.2d 457 (1940), the issue before the court was whether an act delegating the power to select the county tax collector to circuit, chancery and county judges violated the separation of powers principle. The court concluded that since the duties of a tax collector "are in no sense related to the administration of justice," the act must fail. 201 Ark. at 345, 133 S.W.2d at 464. The court held that while "certain activities not essentially judicial may be imposed upon judges in those cases where by the constitution such duties do not inhere in another department . . .," the delegated authority, i.e., the power to appoint a collector, was of that class set aside to the executive department. Id.
More recently, in Spradlin v. Arkansas Ethics Comm'n., 314 Ark. 108,858 S.W.2d 684 (1993), the appellants challenged an act that designated the Chief Justice to appoint one of the members of the Arkansas Ethics Commission. The Court noted that it is sometimes difficult to discern whether certain boards, commissions, and agencies are creatures of the legislative or executive department because of the diverse powers afforded such entities. The Court made it clear, however, that such bodies are not judicial in nature and are therefore not a part of the judiciary. 314 Ark. at 113, 858 S.W.2d at 687. The basis for this decision was the fact that the Commission had no power to issue or, more importantly, to enforce any orders. Also emphasized was the protective "barrier surrounding the judicial department," and that, in Oates,supra, the court had "specifically rejected the notion of a `blending' of powers in favor of a more strict separation of powers. . . ."314 Ark. at 115, 858 S.W.2d at 689. The Court held that "the Commission, as structured by the act, is not related to the administration of justice and is not part of the judicial department of government," thereby rendering the act unconstitutional. 314 Ark. at 116, 858 S.W.2d at 689.
It can thus be concluded, particularly from Spradlin, that if the Chief Justice's power of appointment with regard to certain boards and commissions cannot withstand constitutional scrutiny, neither can his authority to serve on such entities. As noted in Spradlin, it may not be possible, nor is it necessary, to classify the Council as legislative or executive in nature; it clearly is not related to the "administration of justice" and the appointment of the Chief Justice to the council would therefore, in my opinion, violate the constitutional mandate of separation of powers.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB/SLJ:cyh
[1] Current law provides for twenty-five (25) council members, all of whom are appointed by the Governor or confirmed by gubernatorial appointment by virtue of their positions as agency administrators. See
A.C.A. § 20-64-1002.